UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QING YANG, | ) | CASE NO. 1:24-CV-2100 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH EDLOW, DIRECTOR | ) | **OPINION AND ORDER** |
| OF U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Jospeh Edlow, Director of U.S. Citizenship and Immigration Services ("USCIS"), moves the Court to dismiss this action for lack of subject matter jurisdiction.[1] (Doc. 5.) *Pro se* Plaintiff Qing Yang ("Plaintiff") has not opposed the motion. For the reasons stated herein, the motion is GRANTED.

**I.      BACKGROUND**

Yang is a native and citizen of the People's Republic of China, present in the United States as an asylee. (Doc 1 at ¶ 5.) The Director of USCIS is charged with "administering the USCIS by implementing and enforcing the Immigration and Nationality Act," including "processing [] asylum-based immigration petitions." (*Id.* at ¶ 6.)

On August 13, 2012, Yang was granted asylum status. (*Id.* at ¶ 7.) On August 19, 2022,

---

[1] Plaintiff's Complaint named Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS") as the sole Defendant. (Doc. 1.) At the time the motion to dismiss was filed, Kika Scott was the Senior Official Performing the Duties of the Director of USCIS. (Doc. 5.) Joseph Edlow is now the Director of USCIS. Under Federal Rule of Civil Procedure 25(d), an officer's "successor is automatically substituted as a party[]" and "[l]ater proceedings should be in the substituted party's named. Fed. R. Civ. P. 25(d). Accordingly, Director Joseph Edlow, is substituted as a party in this case.

Yang submitted a I-485 Application to adjust to permanent resident status based on her grant of asylum. (*Id.* at ¶ 8.) Though the processing time for an I-485 application is approximately sixteen months, Yang alleged her application remained pending for more than twenty-seven months. (*Id.* at ¶¶ 10-11.) Yang contacted USCIS multiple times regarding her application's status, but was informed her case was still pending adjudication. (*Id.* at ¶ 9.)

Yang states that other than her inquiries to USCIS, there is "no other administrative remedy." (*Id.* at ¶¶ 12, 14.) On December 3, 2024, Yang filed a Complaint for Writ of Mandamus. (Doc. 1.) Yang asks the Court to "[i]ssue a writ of mandamus to compel Defendant to process Plaintiff's I-485 in an expeditious manner" and "[d]eclare that Defendant has a duty to complete processing Plaintiff's I-485 immediately without any further delay." (*Id.* at ¶¶ 16, 19.) Yang also seeks attorney's fees and costs under the Equal Access to Justice Act. (*Id.* at ¶ 21.)

USCIS moves to dismiss Yang's complaint under Federal Rule of Civil Procedure 12(b)(1). (Doc. 5.) USCIS argues because it denied Yang's application on March 27, 2025, this action is moot, and the Court lacks subject matter jurisdiction. (*Id.* at 24-26.)[2] Yang, who is proceeding *pro se*, did not oppose USCIS's motion to dismiss. The deadline for opposition has passed.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when a court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions come in two varieties: facial and factual attacks. *Genteck Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Here, USCIS asserts a factual attack on the Court's subject matter

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

jurisdiction. When a factual attack is asserted "no presumptive truthfulness applies to the allegations," and "the district court must weigh the conflicting evidence to arrive at a factual predicate that subject-matter does or does not exist." *Id.*

Federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a "drastic and extraordinary remedy" that is "reserved for really extraordinary situations." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (cleaned up). Mandamus is appropriate only when an individual is owed "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

### III. ANALYSIS

As an initial matter, the Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition. *Ray v. United States*, No. 11-CR-115-HSM-CHS-1, 16-CV-141, 2017 WL 2350095, 2017 U.S. Dist. LEXIS 81787, at *3 (E.D. Tenn. May 30, 2017) (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567, 569 (6th Cir. 2013) (explaining that failure to respond to or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for, granting the unopposed motion)); *Demsey v. R.J. Reynolds Tobacco Co.*, No. 04-CV-1942, 2005 WL 1917934, 2005 U.S. Dist. LEXIS 43339, at *5 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established."); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Because Yang has not responded to USCIS's motion to

dismiss, she has waived her opposition. Though the Court may—and does—interpret the absence of a response to the motion to dismiss as an independent basis for granting the motion, the Court nonetheless considers the merits of USCIS's motion to dismiss for lack of subject matter jurisdiction.

In its motion, USCIS argues that Yang's claim is moot because USCIS ruled on her application during the pendency of this action. (*See id.*) "Mootness doctrine arises from the Article III requirement that courts may only consider a live controversy." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). In the immigration context, a mandamus claim is moot when the government fully discharges its clear duty to adjudicate an application for an immigration benefit such as a visa or a citizenship petition. *Hussein v. Beecroft*, 782 F. App'x 437, 441 (6th Cir. 2019).

Yang's Complaint asks the Court to "[i]ssue a writ of mandamus to compel Defendant to process Plaintiff's I-485 in an expeditious manner" and "[d]eclare that Defendant has a duty to complete processing Plaintiff's I-485 immediately without any further delay." (Doc. 1 at ¶¶ 16, 19.) Looking at facts outside the Complaint, as the Court may when addressing factual attack on subject matter jurisdiction, USCIS has shown that it fulfilled any duty it has, discretionary or otherwise, by adjudicating Yang's application. (*See* Doc. 5 at 23 (showing online case status for Yang's application as denied).) By ruling on her application, Yang has been granted all the relief she seeks. *See Hussein*, 782 F. App'x at 441-42 (holding "[p]laintiff's mandamus claim is moot because the government fully discharged its clear duty to adjudicate [the] visa application"). Put differently, the Court is unable to grant Yang's requested relief, as she has already been granted

the relief sought. Because there is no longer a live controversy between Yang and USCIS, the case is moot, and the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss (Doc. 5) is GRANTED.

**IT IS SO ORDERED.**

Date:  August 6, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE